UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DARIAN MOORE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No.: |
| NOVA LOGISTICS, INC., MICHEL CARTAGENA and PROTECTIVE INSURANCE COMPANY, | ) |
| | ) |
| DEFENDANTS. | ) |

**NOTICE OF REMOVAL**

**TO:** **JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, BRUNSWICK DIVISION:**

NOW COME Defendants NOVA LOGISTICS, INC., MICHEL CARTAGENA and PROTECTIVE INSURANCE COMPANY ("Defendants"), and file this Notice of Removal of the above-styled action from the State Court of McIntosh County, Georgia to the United States District Court for the Southern District of Georgia, Brunswick Division. In support of this removal, Defendants show the following:

1. On February 19, 2021, Plaintiff Darian Moore ("Plaintiff") filed his Complaint in the State Court of McIntosh County, Georgia, styled *Darian Moore v. Nova Logistics, Inc., Michel Cartagena and Protective Insurance Company*, Case No. SUV202100021 ("State Court Action"). Copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached.

2. Defendant Protective Insurance Company was served with Summons and Complaint on March 1, 2021.

3. Undersigned counsel for Defendants executed an Acknowledgement of Service and Waiver of Summons on behalf of Nova Logistics, Inc. and Michel Cartagena on March 17, 2021.

4. Fewer than thirty (30) days have transpired since receipt by and service on Defendants of the Complaint, and the deadline for Defendants to remove and otherwise respond to the Complaint in the State Court of McIntosh County has not passed.

5. The Plaintiff's State Court Action is hereby removed to this Court under 28 U.S.C. § 1441, by virtue of the original jurisdiction this Court enjoys under 28 U.S.C. § 1332(a) (diversity jurisdiction).

I. **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6. This Court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and all Defendants and more than $75,000.00 is "in controversy," exclusive of costs and interest.

7. As alleged by Plaintiff in his own Complaint, Plaintiff is a citizen of the State of Georgia. (*See* Complaint at ¶ 1).

8. Defendant Protective Insurance Company ("Protective) is not incorporated in the State of Georgia but is instead organized under the laws of Indiana with its principal office and principal place of business located in Carmel, Indiana. Because Defendant Protective is not incorporated in Georgia and does not have a principal place of business in Georgia, Defendant Protective is not a citizen of the State of Georgia

9. As Plaintiff concedes in his Complaint, Defendant Nova Logistics, Inc. ("Nova Logistics") is a foreign corporation. (*See* Complaint, ¶ 2). Defendant Nova Logistics is not incorporated in the State of Georgia but is instead organized under the laws of Illinois with its principal office and principal place of business in Des Plaines, Illinois (*See* Complaint, ¶ 2).

Because Defendant Nova Logistics is not incorporated in Georgia and does not have a principal place of business in Georgia, Defendant Nova Logistics is not a citizen of the State of Georgia.

10. As Plaintiff further contends in his Complaint, Defendant Michel Cartagena ("Cartagena") is a resident of the state of New Mexico. (*See* Complaint, ¶ 3).

11. Defendants, without waiving their defenses, consent to each other's removal of this action to the United States District Court for the Southern District of Georgia.

12. There is complete diversity between Plaintiff and Defendants, and all Defendants have provided their consent to this removal.

13. The threshold "amount in controversy" requirement of diversity jurisdiction is also met in this case, as the injuries and categories of claims set forth in the Complaint contemplate damages to Plaintiff which, if proven and recoverable, will **more likely than not** exceed the threshold amount of $75,000.00, exclusive of interest and costs. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

14. The Plaintiff's Complaint fails to set forth a specific damage amount sought, but the types and descriptions of the Plaintiff's injuries lead to the **plausible** conclusion that the "amount in controversy" in the case exceeds the jurisdictional limit of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) ("a defendant's notice of removal need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold.") (Emphasis added).

15. Where, as here, the complaint makes a claim for an unspecified amount of damages, removal to federal court is appropriate if "it is facially apparent from the complaint that the amount

in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (adopting the Fifth and Ninth Circuits' "facially apparent" approach).

16. It is facially apparent from Plaintiff's Complaint and other pleadings filed of record that the injuries he alleges to have sustained lead to the plausible conclusion that more than $75,000.00 is at stake. In that regard, Plaintiff seeks damages for "pain, suffering, and medical expenses for the treatment of his injuries," as well as punitive damages, (Complaint at ¶¶ 25-27), which are routinely compensated at levels in excess of $75,000.00.

17. In light of the injuries (*See* Complaint, ¶ 25-27) alleged in Plaintiff's Complaint, it is indeed a "plausible allegation" that the $75,000.00 "amount in controversy" requirement set forth in 28 U.S.C. § 1332(a) is satisfied in the case at bar.

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

18. Venue for this Removal is proper in this Court because the United States District Court for the Southern District of Georgia, Brunswick Division, is the federal judicial district embracing the State Court of McIntosh County, Georgia, where the State Court Action was originally filed and where the facts and circumstances giving rise to the Plaintiff's injuries are alleged to have transpired.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached as **Exhibit A.**

20. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days of each Defendants' receipt of Plaintiff's Complaint.

21. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of the State Court of McIntosh County, Georgia.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to all parties in this case.

WHEREFORE, Defendants give notice that the State Court Action has been removed to this Honorable Court. By this Notice of Removal, Defendants do not waive any defenses or objections they may have to this action; Defendants intend no admission of fact, law, or liability; and Defendants expressly reserve all defenses, motions, and pleas.

Respectfully submitted this 29th day of March 2021.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/Taylor L. Dove*
Taylor L. Dove
Georgia Bar No. 993210
Bradley M. Harmon
Georgia Bar No. 327097
*Attorneys for Defendants*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: tdove@huntermaclean.com
Email: bharmon@huntermaclean.com