**General Civil and Domestic Relations Case Filing Information Form**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA
**SUV2021000021**

**FEB 19, 2021 11:33 AM**

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

☑ **Superior** or ☐ **State Court of** McIntosh _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 02-19-2021 | **Case Number** SUV2021000021 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Moore, Darian

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Nova Logistics, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Cartagena, Michel

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Protective Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Williams, Mr. Nathan T    **Bar Number** 142417    **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                  **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

## SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

**FEB 19, 2021 11:33 AM**

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

CIVIL ACTION NUMBER  <u>SUV2021000021</u>

Moore, Darian

_____
**PLAINTIFF**
                                                    **VS.**

Nova Logistics, Inc.
Cartagena, Michel
Protective Insurance Company

_____
**DEFENDANTS**

### SUMMONS

TO: NOVA LOGISTICS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Nathan T Williams**
**Williams Litigation Group, PC**
**PO Box 279**
**Brunswick , Georgia 31521-0279**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of February, 2021.**

Clerk of Superior Court

*Mandy Harrison*
_____
Mandy Harrison, Clerk
McIntosh County, Georgia

≋ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
McINTOSH COUNTY, GEORGIA

**SUV2021000021**

FEB 19, 2021 11:33 AM

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

## IN THE SUPERIOR COURT OF McINTOSH COUNTY
## STATE OF GEORGIA

**DARIAN MOORE,**

    Plaintiff,

v.

**NOVA LOGISTICS, INC.,**
**MICHEL CARTAGENA** and
**PROTECTIVE INSURANCE,**

    Defendant.

Case No.: _____

---

## COMPLAINT FOR DAMAGES

Darian Moore, Plaintiff, in the above-captioned matter, files this Complaint for Damages, and shows this Court the following:

1. Plaintiff, Darian Moore, is a resident of McIntosh County, Georgia and submits to the jurisdiction of the Court for filing this lawsuit.

2. Defendant Nova Logistics, Inc. ("Nova") is an Illinois Corporation authorized to do business in the State of Georgia. It may be served through its registered agent, Nikolay Mollov at 232 Howard Avenue, Des Plaines, Illinois 60018.

3. Defendant Michel Cartagena ("Cartagena") is a resident of Bernalillo County, New Mexico and may be served at his home address, 10328 Pintura Place, NW, Albuquerque, New Mexico 87114.

4. Defendant Protective Insurance Company ("Protective") issued indemnity insurance Policy No. MD00013919 to Nova to provide for the protection of the general traveling public against injury proximately caused by the negligence of its insured and the tractors and trailers its insured operates. Pursuant to O.C.G.A. § 40-2-140(d)(4), this Court has personal jurisdiction over Protective. Protective can be served through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

6. On September 14, 2020, Plaintiff was a passenger in an automobile being driven by Joewan Moore (hereinafter "Moore").

7. Moore was traveling northbound on I-95 in the middle lane in McIntosh County, Georgia and was at all times relevant to this matter driving in conformance with Georgia law.

8. At approximately the same time, Cartagena was also traveling northbound on I-95 in the left far lane while driving a tractor-trailer.

9. At all relevant times hereto, Cartagena was working within the scope of his employment with Nova Logistics, Inc.

10. Moore's vehicle began experiencing mechanical problems.

11. Moore saw the D.O.T. turn-around, put his blinker on, slowed down and changed lanes from the middle to the far left with the intention of entering the west shoulder.

12. As shown by Cartagena's dashboard camera, Cartagena noticed Moore's vehicle turn his blinker on and begin to change lanes.

13. However, Cartagena made no effort to slow down or otherwise attempt to allow Moore to merge into the lane.

14. Moore's vehicle was approximately two-thirds into the far-left lane of travel at the time his vehicle was struck by Cartagena.

15. At the time Cartagena negligently collided Moore's vehicle, Defendant was severely intoxicated.

16. Cartagena was cited for driving under the influence of drugs, less safe.

17. As a direct result of Cartagena's actions, Plaintiff sustained injuries and damages.

## CAUSE OF ACTION

### Count I -Negligence and Negligence Per Se

18. Cartagena, as a driver of a motor vehicle upon the roads of this state, owed Plaintiff a duty to operate his vehicle in a safe and reasonable manner.

19. Cartagena violated the aforementioned duty by driving under the influence of drugs, less safe.

20. Plaintiff was not negligent, nor did she contribute to the accident in question.

21. The investigating officer concluded Cartagena was at fault for driving under the influence of drugs, less safe.

### Count II -Punitive Damages

22. Cartagena's conduct described above, which proximately caused the injuries and damages alleged herein, constitutes a willful, wantonness, and

reckless disregard for Plaintiff's safety, and entitles Plaintiff to punitive damages under O.C.G.A. § 51-12-5.1.

### Count III - Respondeat Superior

23. Nova is responsible under the theory of Respondeat Superior in the following particulars:

    (a) Nova is responsible for the actions of its employees, and in this case, the actions of Cartagena, during the course of his employment;

    (b) Nova knew or in the exercise of ordinary care, should have known, Cartagena, was unsuited or incapable of operating the construction truck safely;

    (c) Nova failed to provide Cartagena with proper training;

    (d) Nova failed to properly supervise Cartagena;

    (e) Nova failed its duty to the public in other respects not now known to the Plaintiff, but which may become known prior to or at the time of trial.

### Count IV - Third Party Contract Beneficiary Claims Against Defendant General Insurance

24. As Protective issued indemnity insurance policy number MD00013919 to provide for protection of the Georgia traveling public (including Plaintiff) against injury proximately caused by the negligence Nova and the construction truck it operated, Protective is directly liable to Plaintiff for her damages pursuant to O.C.G.A. § 40-2-140 on a theory of contract under which Plaintiff is afforded third-party indemnity coverage by Protective for Plaintiff's compensable losses.

### DAMAGES

25. Plaintiff has incurred damages related to pain, suffering, and medical expenses for the treatment of his injuries.

26. Plaintiff will likely incur damages for future medical treatment.

27. All of Plaintiff's damages referenced herein are directly related to Defendant's actions.

WHEREFORE, Plaintiff prays for the following relief:

a) That summons and process issue and be served upon Defendants;

b) Trial by jury;

c) That Plaintiff be awarded an appropriate sum to compensate him for his injuries and damages;

d)  That Plaintiff be awarded punitive damages for Cartagena's willful and
     wanton actions; and

e)  Such other and further relief as this court deems just and proper.

Respectfully submitted, this 19th day of February, 2021.

/s/Nathan T. Williams
Nathan T. Williams
Georgia Bar No. 142417
Attorney for Plaintiff

THE WILLIAMS LITIGATION GROUP, P.C.
Post Office Box 279
Brunswick, Georgia 31521-0279
912-208-3721
912-264-6299 facsimile

/s/ J. Alan Welch
J. Alan Welch
Georgia Bar No.: 747405
Attorney for Plaintiff

2225 Gloucester Street
Brunswick, Georgia 31520
Phone: 912-265-9811
Fax: 912-265-7780
jalanwelchlaw@bellsouth.net

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | | |

Civil Action No. _____

Date Filed _____

| Superior Court | ☑ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _____ COUNTY

_____

Plaintiff

VS.

_____

Defendant

**Attorney's Address**

Nathan T Williams
PL Box 279
Brunswick GA 31521

**Name and Address of Party to be Served**

_____

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served the defendant_____a corporation by leaving a copy of the within action and summons with_____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This_____day of_____, _____.

_____

DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

SUV2021000021

FEB 19, 2021 11:33 AM

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

# SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   SUV2021000021

Moore, Darian

_____

**PLAINTIFF**

**VS.**

Nova Logistics, Inc.
Cartagena, Michel
Protective Insurance Company

_____

**DEFENDANTS**

## SUMMONS

TO: CARTAGENA, MICHEL

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nathan T Williams**
> **Williams Litigation Group, PC**
> **PO Box 279**
> **Brunswick , Georgia 31521-0279**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of February, 2021.**

Clerk of Superior Court

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

# SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

FEB 19, 2021 11:33 AM

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

CIVIL ACTION NUMBER  SUV2021000021

Moore, Darian

_____

**PLAINTIFF**

**VS.**

Nova Logistics, Inc.
Cartagena, Michel
Protective Insurance Company

_____

**DEFENDANTS**

## SUMMONS

TO: NOVA LOGISTICS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Nathan T Williams**
**Williams Litigation Group, PC**
**PO Box 279**
**Brunswick , Georgia 31521-0279**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of February, 2021.**

Clerk of Superior Court

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

SUV2021000021

FEB 19, 2021 11:33 AM

*Mandy Harrison*
Mandy Harrison, Clerk
Mcintosh County, Georgia

# SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   SUV2021000021

Moore, Darian
_____

**PLAINTIFF**

                         **VS.**

Nova Logistics, Inc.
Cartagena, Michel
Protective Insurance Company
_____

**DEFENDANTS**

### SUMMONS

TO: PROTECTIVE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

       **Nathan T Williams**
       **Williams Litigation Group, PC**
       **PO Box 279**
       **Brunswick , Georgia 31521-0279**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of February, 2021.**

                              Clerk of Superior Court

*Mandy Harrison*
_____
              Mandy Harrison, Clerk
            Mcintosh County, Georgia

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

FEB 19, 2021 11:33 AM

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

## IN THE SUPERIOR COURT OF MᴄINTOSH COUNTY
## STATE OF GEORGIA

**DARIAN MOORE,**

    Plaintiff,

v.

**NOVA LOGISTICS, INC.,**
**MICHEL CARTAGENA** and
**PROTECTIVE INSURANCE,**

    Defendant.

Case No.: _____

---

### CERTIFICATE OF SERVICE PURSUANT TO
### UNIFORM SUPERIOR COURT RULE 5.2

Plaintiff files this Certificate in compliance with Uniform Superior Court Rule 5.2 as follows:

- **Plaintiff's First Interrogatories to Defendant Nova Logistics, Inc.;**
- **Plaintiff's First Request for Production of Documents to Defendant Nova Logistics, Inc.;**
- **Plaintiff's First Interrogatories to Defendant Michel Cartagena;**
- **Plaintiff's First Request for Production of Documents to Defendant Michel Cartagena;.**

The foregoing was served on the Defendant with a copy of the Complaint and Summons via Sheriff's Department.

Respectfully submitted, this 19th day of February, 2021.

/s/Nathan T. Williams
Nathan T. Williams
Georgia Bar No. 142417
Attorney for Plaintiff

THE WILLIAMS LITIGATION GROUP, P.C.
Post Office Box 279
Brunswick, Georgia 31521-0279
912-208-3721
912-264-6299 facsimile

/s/ J. Alan Welch
J. Alan Welch
Georgia Bar No.: 747405
Attorney for Plaintiff

2225 Gloucester Street
Brunswick, Georgia 31520
Phone: 912-265-9811
Fax: 912-265-7780
jalanwelchlaw@bellsouth.net

SHERIFF'S ENTRY OF SERVICE      SC-85-2

Civil Action No. _SUV2021000021_

Date Filed _2/19/21_

Superior Court ☑    Magistrate Court ☐
State Court ☐    Probate Court ☐
Juvenile Court ☐

Georgia, _McIntosh_ COUNTY,

_Dorian Moore_

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

**MAR 08, 2021 11:58 AM**

_Mandy Harrison_
Mandy Harrison, Clerk
McIntosh County, Georgia

_____ Plaintiff

Attorney's Address

_Nathan T. Williams_
_PO Box 279_
_Brunswick, GA 31521_

Name and Address of Party to be Served

_Protective Insurance Company_
_R/A: Corporation Service Company_
_40 Technology Parkway South, Suite 300_
_Norcross, Georgia 30092_

VS.

_Nova Logistics Inc, Michel Cartagena,_
_+ Protective Insurance Company_

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant _Protective Insurance Company_ - a corporation by leaving a copy of the within action and summons with _Alisha Smith_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This_1_day of _Mar_, _21_.

_C.L. Woodlitt Sc.80_
_____ DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

MAR 17, 2021 02:59 PM

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DARIAN MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **NOVA LOGISTICS, INC., MICHEL** | )    **Civil Action No.: SUV2021000021** |
| **CARTAGENA and PROTECTIVE** | ) |
| **INSURANCE COMPANY** | ) |
| | ) |
| **Defendants.** | ) |

## ACKNOWLEDGEMENT OF SERVICE

NOW COME NOVA LOGISTICS, INC. and MICHEL CARTAGENA (hereinafter "Defendants"), named defendants herein, by and through their undersigned counsel, and hereby acknowledge receipt of the Summons and Complaint. All defenses as to lack of service of process and insufficiency of process of service of process as to Defendants are waived, while all other defenses otherwise available to Defendants in this action are reserved. Defendants acknowledge that they will have thirty (30) days after the date of the signature of the Acknowledgement of Service to file their Answer or otherwise respond to Plaintiff's Complaint for Damages.

This 17th day of March 2021.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/TAYLOR L. DOVE*

Bradley M. Harmon
Georgia Bar No. 327097
Taylor L. Dove
Georgia Bar No. 993210
*Attorney for Defendants*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: BHarmon@HunterMaclean.com
Email: TDove@HunterMaclean.com

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DARIAN MOORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **NOVA LOGISTICS, INC., MICHEL** | ) **Civil Action No.: SUV2021000021** |
| **CARTAGENA and PROTECTIVE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing

**<u>ACKNOWLEDGEMENT OF SERVICE</u>** upon all counsel of record in this matter via U.S. Mail

and/or the Court's electronic filing system which will deliver a copy to the following:

Nathan T. Williams                        J. Alan Welch
The William Litigation Group, P.C.        2225 Gloucester Street
P.O. Box 279                              Brunswick, GA 31520
Brunswick, GA 31521

Respectfully submitted this 17th day of March 2021.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/ Taylor L. Dove*
Taylor L. Dove
Georgia Bar No. 993210
*Attorney for Defendants*

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261 -Tel.
(912) 236-4936 - Fax
tdove@huntermaclean.com

2

4850-8414-0001 v1

🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

**MAR 26, 2021 09:51 AM**

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DARIAN MOORE,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **NOVA LOGISTICS, INC., MICHEL** | )   **Civil Action No.: SUV2021000021** |
| **CARTAGENA and PROTECTIVE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

### ANSWER OF DEFENDANT PROTECTIVE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

NOW COMES Protective Insurance Company ("Defendant"), defendant in the above-styled action, and file this its Answer to the Complaint filed by Plaintiff Darian Moore (hereinafter "Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted and the Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process and service of process, and failure to join all persons needed for just adjudication.

### THIRD DEFENSE

Plaintiff's claims may be barred by the doctrine of sudden emergency or act of God.

### FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the intervening or supervening act of another person or entity.

**FIFTH DEFENSE**

Plaintiff's claims may be barred by the statute of limitations.

**SIXTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate such damages.

**SEVENTH DEFENSE**

Defendant raises each and every affirmative defense which is required to be set forth in Defendant's pleadings pursuant to O.C.G.A. § 9-11-8(c), reserving unto itself the right to amend the pleading to set forth with specificity the basis for such defenses which may appear appropriate as a result of the evidence and legal principles involved which show the same to be applicable. Defendant has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendant reserves the right to assert further defenses in the event that they determine that such defenses are appropriate.

**EIGHTH DEFENSE**

Subject to and without waiving the defenses asserted above, Defendant responds to the specific enumerated paragraphs of the Plaintiff's Complaint as follows:

1.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.

Defendant is without sufficient knowledge or information to form a belief as to the truth of

2

4829-5499-3632 v1

the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits that it issued a liability policy to Nova Logistics, Inc. (Policy No. MD139) that was in effect at the time of the incident complained of. Defendant further admits that it is subject to the jurisdiction and venue of this court. Defendant denies any remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

6.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

4829-5499-3632 v1

11.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.

Defendant admits the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## CAUSE OF ACTION

### Count I – Negligence and Negligence Per Se

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

4

19.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

### Count II – Punitive Damages

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

### Count III – Respondeat Superior

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, including all subparagraphs.

### Count IV – Third Party Contract Beneficiary Claims Against Defendant General Insurance

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

### DAMAGES

25.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.

Defendant is without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

## NINTH DEFENSE

To the extent the Plaintiff's Complaint contains any allegations not responded to hereinabove, those allegations are hereby denied, including the entirety of the Plaintiff's Prayer for Relief.

WHEREFORE, having fully responded, Defendant respectfully requests as follows:

a)    That Plaintiff's Complaint be dismissed with prejudice and that all of Plaintiff's claims be denied;

b)    That all costs in this action be cast against Plaintiff;

c)    That this Honorable Court award any and all such further relief as it deems just and proper.

Respectfully submitted this 26th day of March 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/Taylor L. Dove

Taylor L. Dove
Georgia Bar No. 993210
Bradley M. Harmon
Georgia Bar No. 327097
Attorneys for Defendant Protective Insurance Company

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: tdove@huntermaclean.com
Email: bharmon@huntermaclean.com

6

4829-5499-3632 v1

IN THE SUPERIOR COURT OF MCINTOSH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **DARIAN MOORE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Civil Action No.: SUV2021000021** |
| **NOVA LOGISTICS, INC., MICHEL** | ) | |
| **CARTAGENA and PROTECTIVE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANT PROTECTIVE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed and by using the CM/ECF system which will send a notice of electronic filing to the following:

Nathan T. Williams                                    J. Alan Welch
The Williams Litigation Group, P.C.        J. Alan Welch Law
P.O. Box 279                                             2225 Gloucester Street
Brunswick, GA 31521                              Brunswick, GA 31520

Respectfully submitted this 26th day of March 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/Taylor L. Dove
Taylor L. Dove
Georgia Bar No. 993210
Attorney for Defendant Protective Insurance Company

Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Email: tdove@huntermaclean.com

4829-5499-3632 v1

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

**SUV2021000021**

**MAR 26, 2021 09:53 AM**

*Mandy Harrison*
Mandy Harrison, Clerk
Mcintosh County, Georgia

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DARIAN MOORE,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **NOVA LOGISTICS, INC., MICHEL** | )   **Civil Action No.: SUV2021000021** |
| **CARTAGENA and PROTECTIVE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

### ANSWER OF DEFENDANT NOVA LOGISTICS, INC. TO PLAINTIFF'S COMPLAINT

NOW COMES Nova Logistics, Inc. ("Defendant"), defendant in the above-styled action, and file this its Answer to the Complaint filed by Plaintiff Darian Moore (hereinafter "Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted and the Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process and service of process, and failure to join all persons needed for just adjudication.

### THIRD DEFENSE

Plaintiff's claims may be barred by the doctrine of sudden emergency or act of God.

### FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the intervening or supervening act of another person or entity.

## FIFTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate such damages.

## SEVENTH DEFENSE

Defendant raises each and every affirmative defense which is required to be set forth in Defendant's pleadings pursuant to O.C.G.A. § 9-11-8(c), reserving unto itself the right to amend the pleading to set forth with specificity the basis for such defenses which may appear appropriate as a result of the evidence and legal principles involved which show the same to be applicable. Defendant has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendant reserves the right to assert further defenses in the event that they determine that such defenses are appropriate.

## EIGHTH DEFENSE

Subject to and without waiving the defenses asserted above, Defendant responds to the specific enumerated paragraphs of the Plaintiff's Complaint as follows:

1.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

2

4.

Defendant admits that it holds a liability insurance policy (Policy No. MD00013919) with Protective Insurance Company. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

6.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

4815-7043-5809 v1

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.

Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## CAUSE OF ACTION

### Count I – Negligence and Negligence Per Se

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

4

**Count II – Punitive Damages**

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**Count III – Respondeat Superior**

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, including all subparagraphs.

**Count IV – Third Party Contract Beneficiary Claims Against Defendant General Insurance**

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

**DAMAGES**

25.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

4815-7043-5809 v1

## NINTH DEFENSE

To the extent the Plaintiff's Complaint contains any allegations not responded to hereinabove, those allegations are hereby denied, including the entirety of the Plaintiff's Prayer for Relief.

WHEREFORE, having fully responded, Defendant respectfully requests as follows:

a)      That Plaintiff's Complaint be dismissed with prejudice and that all of Plaintiff's claims be denied;

b)      That all costs in this action be cast against Plaintiff;

c)      That this Honorable Court award any and all such further relief as it deems just and proper.

 Respectfully submitted this 26th day of March 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/Taylor L. Dove

Taylor L. Dove
Georgia Bar No. 993210
Bradley M. Harmon
Georgia Bar No. 327097
Attorneys for Defendant Nova Logistics, Inc.

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: tdove@huntermaclean.com
Email: bharmon@huntermaclean.com

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DARIAN MOORE,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Civil Action No.: SUV2021000021** |
| **NOVA LOGISTICS, INC., MICHEL** | ) |
| **CARTAGENA and PROTECTIVE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **DEFENDANTS.** | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANT NOVA LOGISTICS, INC. TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed and by using the CM/ECF system which will send a notice of electronic filing to the following:

Nathan T. Williams                         J. Alan Welch
The Williams Litigation Group, P.C.        J. Alan Welch Law
P.O. Box 279                               2225 Gloucester Street
Brunswick, GA 31521                        Brunswick, GA 31520

Respectfully submitted this 26th day of March 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/Taylor L. Dove
Taylor L. Dove
Georgia Bar No. 993210
Attorney for Defendant Nova Logistics, Inc.

Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Email: tdove@huntermaclean.com

4815-7043-5809 v1

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MCINTOSH COUNTY, GEORGIA

SUV2021000021

MAR 26, 2021 09:54 AM

*Mandy Harrison*
Mandy Harrison, Clerk
McIntosh County, Georgia

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

DARIAN MOORE,                                      )
                                                   )
      PLAINTIFF,                              )
                                                   )
vs.                                                )
                                                   )
NOVA LOGISTICS, INC., MICHEL                       )      Civil Action No.: SUV2021000021
CARTAGENA and PROTECTIVE                           )
INSURANCE COMPANY,                                 )
                                                   )
      DEFENDANTS.                             )

### ANSWER OF DEFENDANT MICHEL CARTAGENA TO PLAINTIFF'S COMPLAINT

      NOW COMES Michel Cartagena ("Defendant"), defendant in the above-styled action, and file this his Answer to the Complaint filed by Plaintiff Darian Moore (hereinafter "Plaintiff") as follows:

### FIRST DEFENSE

      Plaintiff fails to state a claim upon which relief may be granted and the Complaint should be dismissed.

### SECOND DEFENSE

      Plaintiff's Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process and service of process, and failure to join all persons needed for just adjudication.

### THIRD DEFENSE

      Plaintiff's claims may be barred by the doctrine of sudden emergency or act of God.

### FOURTH DEFENSE

      Plaintiff's damages, if any, were caused by the intervening or supervening act of another person or entity.

### FIFTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations.

### SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate such damages.

### SEVENTH DEFENSE

Defendant raises each and every affirmative defense which is required to be set forth in Defendant's pleadings pursuant to O.C.G.A. § 9-11-8(c), reserving unto himself the right to amend the pleading to set forth with specificity the basis for such defenses which may appear appropriate as a result of the evidence and legal principles involved which show the same to be applicable. Defendant has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendant reserves the right to assert further defenses in the event that they determine that such defenses are appropriate.

### EIGHTH DEFENSE

Subject to and without waiving the defenses asserted above, Defendant responds to the specific enumerated paragraphs of the Plaintiff's Complaint as follows:

1.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

2

4852-1220-5537 v1

4.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

## GENERAL ALLEGATIONS

6.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

4852-1220-5537 v1

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant admits that he received a citation, but denies that he was driving under the influence.

17.

Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## CAUSE OF ACTION

### Count I – Negligence and Negligence Per Se

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

4

## Count II – Punitive Damages

### 22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## Count III – Respondeat Superior

### 23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, including all subparagraphs.

## Count IV – Third Party Contract Beneficiary Claims Against Defendant General Insurance

### 24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## DAMAGES

### 25.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

### 26.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

### 27.

Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

## NINTH DEFENSE

To the extent the Plaintiff's Complaint contains any allegations not responded to hereinabove, those allegations are hereby denied, including the entirety of the Plaintiff's Prayer for Relief.

4852-1220-5537 v1

WHEREFORE, having fully responded, Defendant respectfully requests as follows:

a)      That Plaintiff's Complaint be dismissed with prejudice and that all of Plaintiff's claims be denied;

b)      That all costs in this action be cast against Plaintiff;

c)      That this Honorable Court award any and all such further relief as it deems just and proper.

 Respectfully submitted this 26th day of March 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/Taylor L. Dove
Taylor L. Dove
Georgia Bar No. 993210
Bradley M. Harmon
Georgia Bar No. 327097
Attorneys for Defendant Michel Cartagena

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: tdove@huntermaclean.com
Email: bharmon@huntermaclean.com

4852-1220-5537 v1

## IN THE SUPERIOR COURT OF MCINTOSH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **DARIAN MOORE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Civil Action No.: SUV2021000021** |
| **NOVA LOGISTICS, INC., MICHEL** | ) | |
| **CARTAGENA and PROTECTIVE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANT MICHEL CARTAGENA TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed and by using the CM/ECF system which will send a notice of electronic filing to the following:

Nathan T. Williams
The Williams Litigation Group, P.C.
P.O. Box 279
Brunswick, GA 31521

J. Alan Welch
J. Alan Welch Law
2225 Gloucester Street
Brunswick, GA 31520

Respectfully submitted this 26th day of March 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/Taylor L. Dove*
Taylor L. Dove
Georgia Bar No. 993210
Attorney for Defendant Michel Cartagena

Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone: 912.236.0261
Email: tdove@huntermaclean.com

4852-1220-5537 v1